UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD C., <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br> Defendant. | Case No. 8:18-cv-01285-KES <br><br> MEMORANDUM OPINION AND ORDER |

# I.
# ISSUES PRESENTED

Issue One: Whether the Residual Functional Capacity ("RFP") analysis of the Administrative Law Judge ("ALJ"), which largely adopted the opinions of two non-examining agency physicians, is supported by substantial evidence? (Dkt. 23, Joint Stipulation ["JS"] at 4.)

Issue Two: Whether the ALJ gave legally sufficient reasons for rejecting the opinions in a Physical Residual Functional Capacity Questionnaire (the

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

1

"Questionnaire") completed by treating orthopedic surgeon, Dr. Yin. (Id. at 14, referring to AR 1140-42).

Issue Three: Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony. (JS at 18.)

## II.
## DISCUSSION

### A. ISSUES ONE and TWO: Evaluation of the Medical Evidence.

The ALJ gave "great weight" to the opinions of the state agency medical consultants. AR 23; see AR 54-58 (Dr. Palasi's opinion dated June 7, 2015) and AR 87-91 (Dr. Scott's opinion dated August 26, 2015). The ALJ adopted an RFC identical to both consultants' RFC opinions (i.e., "light" work with some postural restrictions) with an additional limitation to "frequent" reaching. Compare AR 18, 55-58, 87-91. The ALJ gave "little weight" to Dr. Yin's Questionnaire dated June 5, 2017, because it was "brief, conclusory, and inadequately supported by clinical findings." AR 24. The ALJ also found his RFC opinions inconsistent with treatment notes at AR 998-1075, which the ALJ characterized as showing "decreased pain and improved symptoms following the claimant's second right hip surgery." Id.

Plaintiff argues that the state agency consultants' opinions are not substantial evidence (i.e., such evidence as a reasonable mind might accept as adequate to support a conclusion) because the most recent medical evidence Dr. Scott reviewed was from August 6, 2015. AR 75. According to Plaintiff, the state agency consultants might have formed different opinions about Plaintiff's RFC if they had reviewed records from his subsequent MRIs, second right hip surgery, anti-pain injections, and physical examinations resulting in a recommendation for neck surgery. (JS at 6-7.)

The Court does not rule on Issues One and Two because error concerning Issue Three requires remand (as discussed further below). On remand, however,

the ALJ may wish to obtain an opinion from a medical expert who has had the opportunity to review all of Plaintiff's records.

**B. ISSUE THREE: Plaintiff's Subjective Symptom Testimony.**

The ALJ found that Plaintiff was overstating the limiting effects of his symptoms because his level of claimed impairment was inconsistent with (1) his daily activities, and (2) his course of treatment. AR 20-21.

Regarding daily activities, the ALJ cited a Pain Questionnaire in which Plaintiff reported the following:

> Q. What are your usual daily activities now that you have some pain? (Walking, shopping, household chores, driving, socializing, etc.)
>
> A. I do a little bit of all the listed activities. However they all cause pain and leave me unable to do anything by the end of a day.
>
> Q. What activities were you doing in the past which you cannot do now because of the pain? (Please be very specific)
>
> A. A lot of simple tasks such as picking up items from the ground or putting on my own socks and shoes caused a great deal of pain.
>
> […]
>
> Q. How often do you have to stop and activity because of pain?
>
> A. Many times a day[;] maybe 5 to 6 times.

AR 221-22; see also AR 20 (ALJ opinion citing Exhibit 5E). He further indicated that he only drives "occasionally," i.e., when he is not taking narcotic pain medication; he cannot run errands (such as shopping at a grocery store) without assistance; and he cannot do light housekeeping chores (such as dusting and cooking) without assistance. AR 222.

At the hearing, Plaintiff testified that he spends a few minutes a day selling stuff on eBay. AR 35. He testified that his medications make him drowsy. AR 36.

1    The ALJ summarized this testimony by saying, "The claimant indicated he performed daily activities with breaks." AR 20. The ALJ concluded that his "ability to participate in such activities undermines the claimant's allegations of disabling functional limitations" because his activity level is "inconsistent with the presence of an incapacitating or debilitating condition." Id.

Plaintiff's responses in the Pain Questionnaire are too ambiguous to support a conclusion that his activities are inconsistent with his claimed limitations or to demonstrate his ability to perform light work fulltime. While light housekeeping chores would be consistent with light work, Plaintiff indicated he could not do such chores without assistance or without taking 5 or 6 breaks of unspecified duration. The RFC does not provide for breaks (either for drowsiness or pain management), and the vocational expert ('VE") did not testify about how taking 5 or 6 breaks for X minutes per day (scheduled or unscheduled) would affect his ability to work. See AR 47-50 (VE's testimony).

Regarding his course of treatment, the ALJ concluded, "The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual." AR 20. The ALJ then summarized Plaintiff's medical history. AR 20-21. The ALJ, however, never identified or explained which aspects of Plaintiff's medical history were more conservative than one would expect for a disabled individual. Plaintiff has undergone two hip surgeries and been recommended for neck surgery and eventually hip replacement surgery. AR 37-38. He has received specialized pain management and care from an orthopedic specialist. AR 998-1075 (Dr. Yin's treatment notes). The ALJ did not identify gaps in treatment or time periods when his treatment did not include narcotic medications with side effects that might impair his ability to work fulltime. The ALJ has failed to explain why inconsistency between Plaintiff's claimed impairments and his course of treatment is a clear and convincing reason to disbelieve his subjective symptom testimony.

4

Remand for additional proceedings, rather than an award of benefits, is appropriate because it is not "clear from the administrative record that the ALJ would be required to award benefits if [Plaintiff's] excess pain testimony were credited." Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009); see also Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103-04 (9th Cir. 2014) (award of benefits is appropriate only if "the record as a whole is free from conflicts, ambiguities, or gaps, … all factual issues have been resolved, .and … the claimant's entitlement to benefits is clear under the applicable legal rules"). Further proceedings could help clarify the extent of Plaintiff's daily activities and, as discussed above under Issues One and Two, give a medical expert the opportunity to consider Plaintiff's more recent medical records.

### III.
### CONCLUSION

For the reasons stated above, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings consistent with this Opinion.

DATED: April 11, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge